Good morning. May it please the Court, Jennifer Kuhn with Federal Defenders of San Diego on behalf of Henry Phillips. This is a sentencing appeal raising two issues, notice and reasonableness. But I'd like to focus today on the notice issue. District Court imposed fully double the upper end of the applicable sentencing guidelines range without any notice of its intent to impose a non-guideline sentence and without any notice of the factual or legal basis for this extraordinary variance. Well, without any notice, counsel, I mean, it seems to me that the district court, unlike in the prior case, has said, I disagree with it. Let me give you a chance to answer this. Here's what you're recommending. Here are my concerns. The one thing he didn't say was, I'm considering something above the guidelines. So that appears to be the only form of notice that you didn't get. But other than that, the district court seems to have given you quite a bit of detail as to what his concerns were. Well, it's critical that, as Your Honor mentioned, the district court never said that he was considering a sentence outside of the guideline range until the very end of the sentencing hearing, when he actually imposed that extraordinary variance. Under Hernandez, as was discussed in the previous argument, it is sufficient for the judge to give notice at the outset of the hearing that it's considering a non-guideline sentence. But that didn't happen here. Here, at the outset of the hearing, the court only said that it disagreed with and was not inclined to follow the party's recommendation of a time served sentence, which was about 14 days. That did not give the parties any notice that the court was considering going outside of the guideline range of zero to six months, or indeed that it would give double the guideline sentence of 12 months. And in addition, the concerns that the court addressed at the beginning of the hearing had to do with Mr. Phillips' prior conviction. It wasn't until much later in the hearing that the court began to address its concern about the presence of Mr. Phillips' children in the car, which was the other factor that the court latched onto. And in any event, it also wasn't until the end of the hearing that it became clear that those two factors were important as a grounds for an extraordinary variance, rather than some form of adjustment or departure. If the district court had said, I'm considering departing from the recommended sentence under the guidelines. And here are my concerns. And he gave you A, B, and C. And at the end of the hearing, after you had addressed all of this, the court said, because of reasons A, B, C, and D, I'm imposing an above-sentence guidelines. Does he violate a 32H? We've got to send it back to the district court. In other words, if he mentions something, happens to mention something, at the end of the hearing that he didn't advise you of on the front end of the hearing, we have a technical 32H violation. You have to send it back every time? Absolutely. And it's more than a technical 32H violation. Because as the Supreme Court has discussed in Burns, and as this court has discussed in Evans-Martinez, the purpose of the notice requirement is to allow the parties to focus their arguments, to have thorough adversarial testing of all the issues that are going to impact the sentence. So if the court gives no notice of one of four grounds that it considers important, the parties  and thoroughly test that issue before the court. And in the last argument, the court raised a concern about whether this really matters post-Booker, now that the guidelines are advisory. And I would submit it's even more important in the post-Booker world. Because the court has even more discretion to do. You want to limit the discretion of the district court judges? No, the court has certainly discretion to impose a non-guideline sentence. If the court gives proper notice of that, then we're here on straight reasonableness review. But without notice, the parties don't have an opportunity to thoroughly test those issues in front of the district court. And so let me ask you this, is the argument that here there is a guideline that potentially applies, use of children or minors in the offense. And the probation report said, well, it doesn't look like he used the minors. They were present in the car, but they weren't used for purposes of committing the offense. So the probation officer said this adjustment shouldn't apply. And actually, the district court, he didn't rely on it. It wasn't that the defendant used the children that upset him. It was the fact that as a father, he allowed them to be present and subjected them to the potential of his arrest and whatnot, stuff like that. So is the argument that if you would say, well, the guidelines adequately captured this conduct, is that what the idea is? Well, in my reasonableness argument, I did argue that these are unexceptional factors. Presence of children in the car, not the use of a minor to commit the offense. Just the less culpable conduct of just having the children present. A single prior conviction from five years before with a relatively minor sentence. These are not unexceptional factors that in the pre-Booker world would allow for a significant departure, double the ordinary guideline sentence. Here, the court used those unexceptional factors to impose a significant upward variance. Now, that itself is unreasonable. But more than that, there was no notice. So do you think reasonableness should be measured by the guideline rules that apply? Well, I think there has to be a proportionality factor. I know that's an issue that's before the Supreme Court that's not yet decided. But it really is circumventing the guidelines. If you take factors that are accounted for in the guidelines that wouldn't justify a departure under the guidelines, and yet you say, well, under 3553, I'm going to double the sentence based on these unexceptional factors. All the more important that we have notice before the district court so that the court's greater discretion can be guided by the party's focused arguments on these issues. Now, here, under Evans-Martinez, that notice was required. And the issues the government raises, I believe, are really red hearings. As I said, the statement at the outset of the hearing that the court rejected a time-served sentence does not give notice that the court's considering going outside of the guideline range. The fact that the pre-sentence report recommended a greater sentence that was ultimately imposed, again, hinged on a different guidelines calculation. The pre-sentence report has nothing to do with the issues here. And finally, the fact that facts were mentioned in the pre-sentence report regarding the prior and regarding the presence of the children, again, gave no notice to the parties of the legal basis of any extraordinary variance. If the court has no further questions, I'd like to reserve my remaining time for rebuttal. Thank you. May it please the court, my name is Aaron Clark. I represent the United States in this matter. The defendant in this case had at least three months notice of the aggravated factors that the court looked to in fashioning the 12-month sentence. And specifically at the hearing, the defendant had acknowledged those factors and argued against them, and specifically argued against a sentence above the high end of the guideline range. Given these facts and the notice of the factors that they were going to have, the defendant's arguments here cannot survive the plain error standard that applies. As I mentioned, he had three months notice. If you look to the PSR. Did the district court give him three months notice? The district court was thinking of giving a significant upward departure from the guidelines? The three months notice. And the basis for it? Well, the three months notice comes from the probation report. The probation report said there was no basis for an adjustment, for a departure. That's right. The probation report does say that. It also notes, though, that aggravated factors in determining that the probation report recommended a 16-month sentence for the defendant. And what did he get? He ended up getting 12 months. And in the probation report's recommendation for the 16-month sentence, the probation officer noted that aggravated factors in determining the sentence were the fact that defendant had a 2001 marijuana smuggling conviction with very similar facts to the facts in this case, and also the fact that the defendant decided to bring his children along in the offense and his wife. Was this not known to the government when you negotiated the plea? This was known to the government, Your Honor. I have to say, I'm quite mystified by why the government would argue for time served. I can understand that concern, Your Honor. It seems to have bothered the district court quite a bit. It did. And obviously, the 12-month sentence came with it. In deciding what kind of offers to make pre-indictment, we have to take into a lot of considerations above and beyond the facts and circumstances of the case. We also look to the kinds of resources we have available in the other cases that we're handling at the time. And based on those factors, we decided to make. So as this defendant went to sentencing, he had the probation report recommended the upper guideline range. Yes. The upper end of the guideline range. The probation report specifically stated there was no basis for departure from the guideline range that the probation officer calculated. Correct. And he had a plea agreement that recommended time served. Yes. And the government had an obligation to articulate that position to the district court judge. Yes. So then he gets to the hearing, and with the government's help, he was looking pretty good, right? Well, Your Honor, again, the probation department's recommendation was 16 months. So the guideline range that the probation officer was recommending was not the same that the parties had agreed on. So there was a guidelines dispute before the court. And the guideline range that we were recommending was zero to six months. The guideline that the probation was recommending was 10 to 16. So no, the probation officer did not find any factors that would warrant a departure in this case. But it did note that aggravated factors that and the decision to bring children along. And the defendant, again, at the outset of the hearing, the court noted, I'm not on board with your recommendation. You've got a 2001 prior for doing just about the same thing. So chat me up, I think is what he said. And then to show. You didn't also say, and, Mr. Defendant, you had those children with you. At the outset of the hearing, he didn't say that. Which I think, in his view, was very serious. He makes that pretty clear. Right. During the defendant's arguments, as defense counsel is addressing the court, she attempts to paint a picture of a loving father. And that appeared to contradict what the court saw as not being a loving father for someone who decides to bring his children along because he can't think of a better reason why not to bring them on a drug smuggling adventure. And it was also mentioned in the probation report. But then he mentions it again. And the defendant specifically acknowledges that the defendant argues for a three-month sentence during the middle of the hearing. And then the court says, well, he got 38 days in the last sentence. But at that time, he didn't have a drug smuggling prior and hadn't brought his children along. And then defense counsel specifically states that she recognized, he recognized, the defendant recognized that those factors were going to be something that the court would consider that set this case apart from his prior case. And she argues specifically against a sentence above the high end of the guideline range, which shows that the defendant was contemplating the possibility that he was going to be facing a sentence above the high end of the guideline range. So under- Well, isn't it possible he could make a pretty good argument that there is a guideline adjustment that potentially applies here? And the probation officer found that under the circumstances of this case, that he didn't use the children. And really, all that happened here was the children were present. And that doesn't really warrant the kind of concern that the district court placed on the fact that those children were there. I meant the district court should stick with the recommended sentence. I mean, he could make a pretty good argument, I think. And I believe that the defendant did make that argument, that because- Before he imposed sentence? No, on appeal here. Wow. The district court did not say, though, that the defendant had used his children in trying to facilitate the offense, which I believe is what the guidelines are under use of a minor enhancement. The defendant just found that, or the court just found that the defendant had the temerity to bring his children along on the offense, which demonstrates a significant lack of judgment. And if the defendant is going to posture before the district court that he is a loving father who really cares for his children, that that is not borne out by the fact that he knowingly brought them along on a trip that he knew he was going to be bringing drugs back in the United States. So the fact that the use of a minor enhancement doesn't apply actually seems to be something of a red herring to me, because that was not before the court. The district court never implied that that was what had happened. It was just looking to the state- I'm still trying to figure out. So what extent should these guideline factors factor into the judge's discretionary decision? Which guideline factors? Well, the one about the guideline, if you have a- the probation officer found that that guideline did not apply. They didn't use the children to commit the offense. OK. So does that factor at all in the district court judge's decision to give in determining the 3553A assessment? I don't believe so, Your Honor. The court didn't find, probation didn't find that the defendant had used the children to facilitate the offense. So if he's not going to find that, that guideline doesn't apply. That doesn't prohibit the court from looking to the fact that he brought his children along and that they were present as he got arrested and they had to witness the fact that he and his wife were arrested. And that doesn't affect the court's ability to look at that judgment, to look at the nature and circumstances of the offense to find. Yet, the use of minor enhancement doesn't apply. But this is still more aggravated than if the defendant had actually left his children at home and tried to do this himself. With that, Your Honors, if there are no further questions, I'm ready to submit on my paper. Thank you, Your Honors. Let's see, I believe there's a few minutes for a rebuttal. Thank you, Your Honor. Just briefly, to address first the issue of defense counsel arguing at the sentencing hearing that against an above-guideline sentence. It's true in every case that competent defense counsel understands that a court may impose under 3553A a sentence above the guideline range. So the fact that the defense counsel acknowledged that at the hearing does not mean that she had noticed that the court was considering this significant upward variance. And in fact, after she made that comment, the district court did not respond by saying, yes, you're right, I am considering a non-guideline sentence. Instead, he said that he very much disagreed with, again, the party's recommendation of a time-served sentence. As for the pre-sentence report, as noted, the pre-sentence report recommended a sentence of 16 months, whereas the district court ultimately imposed a sentence of 12 months. But the pre-sentence report recommendation was based on a different guidelines calculation, having to do with minor rule and safety valve. These are issues that were ultimately resolved in Mr. Phillips' favor. They have nothing to do with this appeal. The pre-sentence report recommended a sentence within its calculation of the guideline range, so there was no notice that an above-guideline sentence was, in fact, being contemplated. And as far as the three-months notice of these facts being in the pre-sentence report, this case falls squarely within Evans-Martinez, where the disturbing nature of the facts that the district court used to enhance the sentence were in the pre-sentence report. And yet, the court did not give notice that it was contemplating an above-guideline sentence. And in fact, the defendant expected the exact opposite in light of the government's position in the plea agreement. We have the same thing here. There may have been facts in the pre-sentence report, but the government recommended in its plea agreement a low-end sentence, in fact, a sentence of time served. So Mr. Phillips had no notice that this was going to be a possibility. Thank you. Thank you, counsel. We appreciate your arguments on both sides, and the matter will be submitted. Our next case for argument is Watson versus Garamendi.
judges: Nelson, Paez, Bybee